UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| ROGER FRY, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:05-cv-637 |
| | ) |
| v. | ) Honorable Robert Holmes Bell |
| | ) |
| CORRECTIONAL MEDICAL | ) |
| SERVICES, INC. et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

**Discussion**

I.   Factual allegations

Plaintiff is presently incarcerated at the Ionia Maximum Facility. In his *pro se* complaint, he sues Correctional Medical Services, Inc., a private corporation under contract with the Michigan Department of Corrections to provide health care to inmates at the Ionia Maximum

Facility; the Medical Services Advisory Committee, the final policymaker for medical issues pertaining to inmates; and, nine individual health care providers.

Plaintiff alleges that he has a long history of chronic pain due to an enlarged testis and a lump in his scrotum. A doctor at the Ionia County Memorial Hospital recommended that Plaintiff receive corrective surgery to alleviate his pain. Accordingly, on July 28, 2004, a doctor at the prison made a request for a urology consultation, and on September 21, 2004, made a surgical request. On several occasions, Defendant Doctor Robert Migliorino also recommended surgery. Defendants Doctor George Pramstaller, Doctor James Forshee and the Medical Services Advisory Committee consistently refused to approve these recommendations. For relief, Plaintiff requests monetary damages.

II.     Lack of exhaustion of available administrative remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte. Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his §1983 complaint the administrative decision disposing of his

complaint, if the decision is available.[1] *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). Plaintiff's claim regarding his health care is the type of claim that may be grieved through the three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective 4/28/03). Plaintiff has submitted grievance ECF-0404-07901-2E1, establishing that he has pursued the grievance through Step III. However, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance."). Plaintiff, however, did not name any of the Defendants in the grievance. Accordingly, the Court finds that Plaintiff has failed to demonstrate exhaustion of available administrative remedies.

It is not clear whether Plaintiff may still grieve his claims. Under the policy of the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely. *See* Policy Directive 03.02.130, ¶ G(4). The Sixth Circuit held that an inmate cannot simply claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now

---

[1] To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a). Plaintiff has chosen to forego use of the form complaint in this action.

time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)). However, even if the MDOC considers a subsequent grievance to be untimely, a prisoner who has presented a grievance through one complete round of the prison process will nevertheless be deemed to have exhausted available administrative remedies as required by 42 U.S.C. § 1997e(a). *See Thomas*, 337 F.3d at 733.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Smeltzer v. Hook*, 235 F. Supp. 2d 736, 746 (W.D. Mich. 2002) (citing *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997)). Accordingly, the Court will dismiss his action without prejudice.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255

appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

        A Judgment consistent with this Opinion will be entered.


Date:   October 25, 2005              /s/ Robert Holmes Bell
                                                  ROBERT HOLMES BELL
                                                  CHIEF UNITED STATES DISTRICT  JUDGE